**UNITED AMERICAN INS. CO., Appellant,**

v.

**Mrs. Clarabelle TIBBS, Ind. and as Executrix, Appellee.**

No. 15065.

Court of Civil Appeals of Texas.

Dallas.

March 23, 1956.

Chaney & Harless, Dallas, for appellant.

Biggers, Baker, Lloyd & Carver, and Alan Griswood, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment sustaining a plea of privilege.

Appellant United American Insurance Company brought suit April 16, 1955 in Dallas County, Texas against Mrs. Clarabelle Tibbs, a widow, of El Paso County, Texas, individually, and as Executrix of the Estate of her husband, H. A. Tibbs, Deceased. The suit was for cancellation on grounds of fraud of a "family group" hospital and surgical expense policy which had been issued December 27, 1951 upon application of Mrs. Clarabelle Tibbs. The insured persons named in the policy were H. A. Tibbs, husband, Clarabelle Tibbs, wife, and Eugene Tibbs, their son.

The petition alleged that Mrs. Clarabelle Tibbs had made false representations in her original application for insurance in 1951, and again in her application for reinstatement of the policy in 1953. (The policy had lapsed for nonpayment of premiums.) However at the hearing on appellee's plea of privilege appellant limited itself to the effect of appellee's application for reinstatement and evidence in connection therewith. So this appeal is concerned only with the alleged misrepresentations contained in Mrs. Clarabelle Tibbs' application for reinstatement of the policy.

The application for reinstatement was signed March 5, 1953 by Mrs. Tibbs in El Paso County, Texas. It was then mailed to appellant and was thereafter received through the mails by appellant in Dallas County, Texas. The policy was reinstated.

In this application, Mrs. Tibbs made the statement that "* * * *since the issuance of said policy,* each and every person formerly insured under said policy has been and now is in good health and has not suffered from any injury or sickness or had any medical or surgical treatment or consulted any physician or other practitioner * * *." (Emphasis supplied.)

Appellant contends that the above statement is a false representation, the truth being that in December 1951, H. A. Tibbs, now deceased, was confined in a hospital in Memphis, Tennessee, where he underwent an operation for removal of a cyst. It is further alleged by appellant that appellee has submitted a claim based on said policy in excess of $1,000.00.

Appellant's position is that venue lies in Dallas County under Art. 1995, sec. 7, because the application containing a fraudulent representation was received through the mails in Dallas County, and therefore the fraud occurred in Dallas County. Commercial National Bank v. First Nat. Bank, Tex.Civ.App., 77 S.W. 239, reversed on other grounds 97 Tex. 536, 80 S. W. 601; Brown v. Gray & Wilmerding, Tex.Civ.App., 256 S.W. 977.

Appellee counters that appellant has failed to make out a case of actionable fraud because, (1) the evidence fails to show that the operation on H. A. Tibbs for removal of cyst occurred "since the issuance of said policy," and (2) the evidence fails to show that the "thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable * * *," as required by Art. 21.16 and Art. 21.18 of the Insurance Code, V.A.T.S.

We must sustain appellee's counter-point. The policy is dated December 27, 1951. The evidence shows that the operation took place some time in December 1951, but does not show whether it took place before or after the date of issuance of the policy. The burden was on appellant to prove that the operation occurred "since the issuance of said policy." The evidence fails to make out a case of actionable fraud.

Further, there is no evidence in the record to show when H. A. Tibbs died, or the cause of his death, or the nature of his last illness. Even if the representation by Mrs. Tibbs were to be considered as false, there is no evidence to support a finding that the "thing misrepresented was material to the risk or actually contributed to the contingency or event on which said policy became due and payable." Appellant alleges that appellee has presented a claim in excess of $1,000.00, but no evidence is in the record showing what event gave rise to the claim, or whose hospital expenses are involved, or when the event occurred, or that the cyst operation of 1951 had any connection with the event or events on which the claim is based.

We overrule appellant's point on appeal and sustain appellee's counter-point.

The judgment of the trial court is affirmed.